UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

JS-6

CASE NO.: 5:18-cv-01114-SJO            DATE: August 9, 2018
United States Bankruptcy Court,
6:13-bk-27611-MH
6:14-ap-01248-MH

TITLE:    In Re Douglas J. Roger

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

COUNSEL PRESENT FOR PLAINTIFF(S):         COUNSEL PRESENT FOR DEFENDANT(S):

Not Present                               Not Present

========================================================================
PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDINGS [Docket No. 1].

This matter is before the Court on Plaintiff Revere Financial Corporation's ("Plaintiff") Motion to Withdraw Reference of Adversary Proceedings ("Motion"), filed on May 24, 2018. Defendant Douglas J. Roger ("Defendant") filed an amended opposition to the Motion ("Opposition") on July 2, 2018.[1] Plaintiff replied ("Reply") on July 9, 2018. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for July 23, 2018. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** the Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Debtor Douglas J. Roger, M.D., Inc., APC ("DJRI"), a medical corporation that Defendant wholly owned and controlled, filed a chapter seven bankruptcy case, *In re Douglas J. Roger, M.D., Inc., APC*, No. 6:13-bk-27344-MH (Bankr. C.D. Cal.), on October 20, 2013. (Mot. 2, ECF No. 1.) On October 20, 2015, the chapter seven trustee of the DJRI bankruptcy ("DJRI trustee") filed an adversary proceeding against OIC Medical Corporation, Liberty Orthopedic Corporation, and Universal Orthopaedic Group (collectively, "OIC Defendants"), *Cisneros v. OIC Medical Corp.*, No. 6:15-ap-01307 (Bankr. C.D. Cal.) ("OIC Claims"). (Mot. 1-2.)

Separately, on October 25, 2013, Roger filed his own chapter seven bankruptcy case, *In re Douglas J. Roger*, No. 6:13-bk-27611-MH (Bankr. C.D. Cal.). (Mot. 3.) The state court receiver

---

[1] Defendant incorporates into his Opposition the arguments proposed by the OIC Defendants in their opposition to the Motion ("OIC Opposition"), which has been filed as Document 16 in Case Number 18-cv-001113. (Opp'n 2; *see generally* OIC Opp'n.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  5:18-cv-01114-SJO                    DATE: August 9, 2018
United States Bankruptcy Court,
6:13-bk-27611-MH
6:14-ap-01248-MH

filed an adversary proceeding against Roger, *Revere Financial Corp. v. Roger*, No. 6:14-ap-01248-MH (Bankr. C.D. Cal.), on September 22, 2014 ("Roger Claims").  (Mot. 4.)

On May 14, 2018, Plaintiff, as successor to and in the name of Arturo Cisneros, purchased the OIC Claims from the DJRI trustee at auction .  (Mot. 2.)

II.     DISCUSSION

Plaintiff now moves to withdraw the references to the bankruptcy court of the OIC Claims and the Roger Claims, asserting:  (1) the bankruptcy court lacks jurisdiction over the OIC Claims; and (2) given the factual and legal issues common to the OIC Claims and the Roger Claims, there exists cause to withdraw the reference of the Roger Claims.  (*See generally* Mot.)

    A.     Legal Standard for Withdrawal

Pursuant to 28 U.S.C. § 157(d), a district court has the authority to withdraw a reference to the bankruptcy court.  *See* 28 U.S.C. § 157(d).  Section 157(d) provides for both permissive and mandatory withdrawal, depending on the circumstances of the action. *Id.*  "The district court **may withdraw**, in whole or in part, any case or proceeding referred . . . on its own motion or on timely motion of any party, for cause shown." *Id.* (emphasis added).  The district court **shall withdraw** if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*  The party seeking withdrawal carries the "burden of persuasion." *FTC v. First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001) (citation omitted).  It is within a district court's discretion to grant or deny a motion for permissive withdrawal of reference; that decision will not be disturbed unless the court abuses its discretion.  *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).

    B.     Analysis

        1.     Timeliness

"The threshold question in evaluating a motion to withdraw the reference under 28 U.S.C. § 157(d) is whether the motion was made in a timely manner." *In re GTS 900 F, LLC*, No. CV 10-06693, 2010 WL 4878839, at *2 (C.D. Cal. Nov. 23, 2010) (internal quotation marks omitted).  "A motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997).  Therefore, a party must move for withdrawal "at the first reasonable opportunity" given "the specific factual context [of the case]" *In re GTS 900*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  ____
Send      ____
Enter     ____
Closed    ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:   5:18-cv-01114-SJO                        DATE: August 9, 2018
            United States Bankruptcy Court,
            6:13-bk-27611-MH
            6:14-ap-01248-MH

*F, LLC*, 2010 WL 4878839, at *2 (quoting *Stratton v. Vita Bella Grp. Homes, Inc.*, No. F07-0584, 2007 WL 1531860, at *2 (E.D. Cal. May 25, 2007)) (alterations in original).

Plaintiff claims its Motion as it pertains to the Roger Claims is timely because cause for permissive withdrawal of the reference emerged approximately one week before it filed the Motion. (Mot. 10-11.) Cause, Plaintiff contends, consists of the "facts, transactions, and issues" the Roger Claims share with the OIC Claims. (Mot. 11.) Cause therefore did not arise until Plaintiff came to "own[] the OIC Claims" on May 14, 2018. (Mot. 11.)

Defendant argues that Plaintiff previously received four other sets of adversary proceeding claims, each of which involved similar "parties, witnesses, [and] discovery" to the Roger Claims. (Opp'n 3-7.) Although each of these four cases could have served as the predicate for withdrawal of the reference of the Roger Claims, Plaintiff "at no time moved to withdraw the reference of the [Roger Claims] or the underlying litigation." (Opp'n 4.) Defendant thus contends that the OIC Claims do not present the first reasonable opportunity to move for withdrawal and the Motion is untimely. (Opp'n 3-7.)

The Court has reviewed the first amended complaint from the earlier Bank of Southern California adversary proceeding, which Defendant provided as Exhibit H to his Opposition. (*See* Opp'n, Ex. H, ECF No. 17-8.) The first amended complaint does not provide a basis on which the Court can determine whether the "parties witnesses, discovery, etc." in the earlier proceeding are substantially similar to those in the Roger Claims. (Opp'n 7.) However, the Court need not determine whether the Motion was timely; even if Plaintiff timely filed the Motion, permissive withdrawal of the Roger Claims would be improper.

> 2. <u>The Bankruptcy Court has Jurisdiction Over the OIC Claims</u>

Plaintiff claims this Court should permissively withdraw the reference of the Roger Claims because it must withdraw the reference of the OIC Claims. (Mot. 3-7.) Accordingly, the Court must first assess whether withdrawal of the reference of the OIC Claims is mandatory. Plaintiff argues that the bankruptcy court lacks jurisdiction over the OIC Claims because the OIC Claims have been sold and are no longer part of the DJRI bankruptcy estate. (Mem. for Mot. 11-12, ECF No. 1-1.) Therefore, Plaintiff asserts, withdrawal of the reference is mandatory. (Mem. for Mot. 11-12.) Defendant and OIC Defendants contend that the causes of action underlying the OIC Claims are core bankruptcy proceedings, the withdrawal of which from the bankruptcy court would be permissive and, in the present case, improper. (*See generally* OIC Opp'n.) The Court agrees with Defendant and OIC Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: 5:18-cv-01114-SJO            DATE: <u>August 9, 2018</u>
United States Bankruptcy Court,
6:13-bk-27611-MH
6:14-ap-01248-MH

    a.    <u>Withdrawal is Not Mandatory</u>

Per 28 U.S.C. § 157, bankruptcy judges may "hear and determine all cases under title 11 and all core proceedings arising under title 11." 28 U.S.C. § 157(b)(1). Among those types of proceedings that are considered "core" are those that: concern the administration of an estate; determine, avoid, or recover preferences; seek to recover fraudulent conveyances; and otherwise affect the liquidation of the assets of an estate. 28 U.S.C. §§ 157(b)(2)(A), (F), (H), (O).

The OIC Claims concern the avoidance, recovery, and preservation of preferential, intentional fraudulent, and constructive fraudulent transfers. (*See generally* Req. for Judicial Notice Ex. 1, Compl. for Avoidance, Recovery, and Preservation of Preferential and Fraudulent Transfers ("OIC Compl."), ECF No. 1-3.) Accordingly, the OIC Claims arise under 11 U.S.C. §§ 544 (trustee as lien creditor and as successor to certain creditors and purchasers), 547 (preferences), 548 (fraudulent transfers and obligations), 550 (liability of transferee of avoided transfer), and 551 (automatic preservation of avoided transfer), as well as California Civil Code §§ 3439 *et seq.* (short title). (*See generally* OIC Compl.) Thus, the OIC Claims are identifiable as core proceedings. *See* 28 U.S.C. § 157(b)(2). Because all of the causes of action are core proceedings they are within the jurisdiction of the bankruptcy court and withdrawal of the reference is not mandatory.[2]

    b.    <u>There is No Cause for Permissive Withdrawal</u>

---

[2] Although the Ninth Circuit in *In re Bellingham Insurance Agency, Inc.* held that "fraudulent conveyance claims . . . cannot be adjudicated by non-Article III judges," it also stated that 28 U.S.C. § 157(b)(1) provides "bankruptcy courts the power to hear fraudulent conveyance cases and to submit reports and recommendations to the district courts. Such cases remain in the core, and the § 157(b)(1) power to 'hear and determine' them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law." *In re Bellingham Ins. Agency, Inc.* 702 F.3d 553, 561, 565-66. Because bankruptcy courts retain the power to hear fraudulent conveyance cases, district courts have regularly denied motions to withdraw references of matters that involve fraudulent conveyances. *See generally, e.g., In re John Christopher O'Connor UCSB Cent. Dist. of Cal. L.A., 2:14-BK-15018-RN; 2:15-AP-01426-RN*, No. CV 16-01903 SJO, 2016 WL 1718366 (C.D. Cal. Apr. 29, 2016) (denying motion to withdraw reference); *In re EPD Inv. Co. LLC*, No. CV 13-05536 SJO, 2013 WL 5352953 (C.D. Cal Sept. 24, 2013) (same); *Field v. Wells Fargo Bank*, No. 12-510 SOM/BMK, 2012 WL 6651886 (D. Haw. Dec. 20, 2012) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   5:18-cv-01114-SJO                    DATE: August 9, 2018
            United States Bankruptcy Court,
            6:13-bk-27611-MH
            6:14-ap-01248-MH

In determining whether cause for permissive withdrawal exists, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

"[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *In re GTS 900 F, LLC*, 2010 WL 4878839, at *4 (citation omitted). Given that the bankruptcy court has unique knowledge of title 11, it would be comparatively inefficient to withdraw the reference of the OIC Claims. *In re Healthcentral.com*, 504 F.3d 775, 787(9th Cir. 2007).

Further, as the parties contend, were the Court to grant the Motion with respect to the OIC Claims but not the Roger Claims the parties would face significantly higher costs litigating similar issues in two forums. (*See* Mem. for Mot. 18; OIC Opp'n 12.)  Withdrawing the references of both adversary proceedings, however, would render an even less efficient use of judicial resources, as discussed above. Allowing the adversary proceedings to remain in the bankruptcy court would be most efficient and would avoid creating unnecessary costs to the parties.

Lastly, the OIC Claims seek to avoid, recover, and preserve fraudulent transfers that allegedly harmed DJRI's creditors. (*See generally* OIC Compl.) In *In re John Christopher O'Connor*, this Court held that "the uniformity of bankruptcy administration favors denying [a motion to withdraw reference]" where the plaintiff sought to "avoid and recover fraudulent transfers undertaken as party [sic] of a conspiracy to 'defraud the Creditors of the Debtor.'" *In re John Christopher O'Connor*, 2016 WL 1718366, at *3. Here too, because the "fraudulent conveyance claims arise under federal bankruptcy law and would not exist absent the bankruptcy proceeding," the Court finds that the interest in the uniformity of bankruptcy administration weighs against finding cause for permissive withdrawal. *Id.*

Because these three factors weigh against a finding of cause, permissive withdrawal of the reference of the OIC Claims would be improper.

Given that withdrawal is not mandatory and cause for permissive withdrawal does not exist, the Court **DENIES** Plaintiff's Motion as it pertains to the OIC Claims.

       3.    <u>The Roger Claims Should Remain in the Bankruptcy Court</u>

Plaintiff argues that both the OIC Claims and the Roger Claims arise out of the same scheme, involve the same main parties, and will require the Court to determine whether Roger acted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: 5:18-cv-01114-SJO              DATE: August 9, 2018
United States Bankruptcy Court,
6:13-bk-27611-MH
6:14-ap-01248-MH

fraudulently, whether there existed insider relationships, and whether transferees gave "reasonably equivalent value" for multiple transfers. (Mot. 6.) Accordingly, Plaintiff intends to conduct discovery on and offer trial testimony from over fifty of the same witnesses in both adversary proceedings. (Mot. 6.) Plaintiff thus avers that reference of the Roger Claims should be withdrawn and that the Roger Claims should be litigated in district court with the OIC Claims to conserve resources, reduce the burden on witnesses, and decrease the likelihood of inconsistent results in pre-trial proceedings and at trial. (Mot. 6-7.)

Because permissive withdrawal of the OIC Claims is inappropriate, Plaintiff's argument in favor of withdrawing the Roger Claims to serve administrative purposes is moot. For the same reasons discussed with regard to the OIC Claims, permissive withdrawal of the reference of the Roger Claims alone would not promote the interests of efficient use of judicial resources and uniformity of bankruptcy administration, nor would it reduce costs for the parties. Thus, the Roger Claims too should remain in the bankruptcy court. The Court therefore **DENIES** Plaintiff's Motion insofar as the Roger Claims are concerned.

III.    RULING

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Withdraw Reference of Adversary Proceedings.

IT IS SO ORDERED.

cc: Bankruptcy Court